UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GIBSON, et al.,<br><br>　　　　　Defendants. | **1:21-cv-01574-GSA-PC**<br><br>**ORDER DENYING MOTION FOR REASSIGNMENT OF MAGISTRATE JUDGE**<br><br>**(ECF No. 12.)** |

**I.　BACKGROUND**

　　　Kory T. O'Brien ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 25, 2021. (ECF No. 1.) The Complaint awaits the court's requisite screening pursuant to 28 U.S.C. § 1915.

　　　On June 22, 2022, Plaintiff filed a motion requesting Chief Judge Mueller to reassign this case to a different magistrate judge. (ECF No. 12.)

**II.　SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.     DISCUSSION**

Plaintiff complains because his Complaint has not been screened by the Court since it was filed on October 25, 2021. He asserts that he has filed other cases under 42 U.S.C. § 1983 and he has never had a case, such as this one, that was not initially screened for two hundred forty days. Plaintiff claims that he has been prejudiced by the delay because he has not been allowed to serve the defendants in this action.

Under Local Rules of this Court, prisoner civil rights cases are initially assigned to only a Magistrate Judge, for screening. L.R. Appendix A(k)(1). These cases are ordinarily screened by the Magistrate Judge assigned to the case in the order in which they are filed. A district judge is usually not assigned to prisoner civil rights cases at filing.

This is not the first time that Plaintiff has requested expedited screening of this case. On February 28, 2022, Plaintiff filed a motion for this case to be screened, (ECF No. 7), and on April 18, 2022, Plaintiff filed a request for case status, (ECF No. 8). The Court denied Plaintiff's request for expedited screening and advised him that his Complaint would be screened in due course. (ECF Nos. 9, 10.) Thus, the issue of screening Plaintiff's Complaint has already been addressed and resolved. Plaintiff is reminded that there are hundreds of prisoner civil rights cases presently pending before the court, and delays are inevitable despite the court's best efforts.

Plaintiff requests that his present motion be decided by Chief United States District Judge Kimberly Mueller, who sits at the Court in Sacramento, California. The Court shall not refer Plaintiff's motion to Chief Judge Mueller, who has not been assigned to this case. The undersigned will decide Plaintiff's motion. At this stage of the proceedings no district court judge has yet been assigned, and when a district judge is ultimately assigned, it will be assigned

to a district judge who sits at the Court in Fresno, not in Sacramento. Importantly for screening purposes, it is premature at this juncture to assign a district judge. However, with regard to Plaintiff's pending motion for preliminary injunction and/or TRO, filed on June 17, 2022, this issue will ultimately require resolution by a district judge following a report and recommendation by the undersigned.

Therefore, Plaintiff's motion shall be denied. There are other prisoner civil rights cases filed ahead of Plaintiff's case that await screening, and the Court shall not screen Plaintiff's case out of order. Expedited screening of Plaintiff's case, without good cause, would be prejudicial to other plaintiffs whose cases are also awaiting screening.

Based on the foregoing, Plaintiff's motion for reassignment of a different Magistrate Judge to his case, and for expedited screening of his Complaint, shall be denied.

**IV.    CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for reassignment of the Magistrate Judge, filed on June 22, 2022, is denied;
2. Plaintiff's request for expedited screening of his Complaint is denied; and
3. No further motions by Plaintiff to expedite the screening of this case shall be considered by the Court.

IT IS SO ORDERED.

Dated:   **July 26, 2022**                    **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE