UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GIBSON, et al.,<br><br>　　　　　Defendants. | **1:21-cv-01574-ADA-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE**<br><br>**(ECF No. 22.)** |

## I. BACKGROUND

Kory T. O'Brien ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 25, 2021. (ECF No. 1.)

On July 21, 2023, Plaintiff filed a motion for the recusal of Magistrate Judge Gary Austin under 28 U.S.C. § 144 and 28 U.S.C. § 455. (ECF No. 22.)

## II. DISQUALIFICATION OF MAGISTRATE JUDGE - 28 U.S.C. § 455 AND 28 U.S.C. § 144

### A. Legal Standards

The procedural requirements for a motion to disqualify under 28 U.S.C. § 455 are different from those under 28 U.S.C. § 144. Brew v. Fehderau, No. 1:17-cv-00681-AWI-EPG-PC, 2017 U.S. Dist. LEXIS 168135, at *2-3 (E.D. Cal. Oct. 11, 2017) (citing United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980)). Under 28 U.S.C. § 455, a judge "shall disqualify

1

himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." Id. (quoting see 28 U.S.C. § 455(a), (b)(1)). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Id. (citing Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting Bernard, 31F. 3d at 843 (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Id. (quoting Sibla, 624 F.2d at 868). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Id. (quoting United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008)). Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. (quoting 28 U.S.C. § 455(a)).  Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. (quoting § 455(b)).

    28 U.S.C. § 144 provides:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for

failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

A motion under section 144 is initially addressed to the judge whose impartiality is being questioned. Brew, 2017 U.S. Dist. LEXIS 168135, at *4 (citing see United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." Id. (quoting Sibla, 624 F.2d at 867). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case" and another judge is assigned to hear the proceeding. Id. (quoting Azhocar, 581 F.2d at 738). An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. (quoting Sibla, 624 F.2d at 868).

Nevertheless, "[t]he test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)." Id. (quoting Sibla at 867). In either case, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Hernandez at 1453 (citing Liteky v. United States, 510 U.S. 540, 554-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994))). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. (quoting Liteky, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Id. (quoting Liteky at 555.)

   **B.**     **Plaintiff Has Failed to Sufficiently Allege Bias or Prejudice Against Him**

Plaintiff argues that the magistrate judge assigned to this case is either biased or prejudiced against this case or is abusing his discretion by waiting to screen Plaintiff's Complaint until after Plaintiff's Complaints in later-filed cases have already been screened. Plaintiff asserts

that his Complaint was filed twenty-two months ago and has not yet been screened. Plaintiff also asserts that the magistrate judge has abused his discretion under the false pretense that the Court is so overburdened with cases that he is unable to screen Plaintiff's Complaint within the twenty-two months. Plaintiff asserts that he has filed other complaints in this same Court after the Complaint for this case was filed and that some of his later-filed Complaints have already been screened, which proves that the magistrate judge was untruthful in claiming that the court screens cases in the order they are received. Plaintiff argues that a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. He argues that the judge's apparent impartiality makes it probable that a fair trial cannot be held.

**Discussion**

It is true that the Court strives to screen Complaints in the order they are received, but this is not always possible. The Court handles a large and diverse caseload and must make decisions as circumstances arise. Plaintiff's Complaint will be screened in due course.

Plaintiff has failed to offer a sufficient affidavit specifically alleging facts to support the contention that Magistrate Judge Austin exhibits bias or prejudice towards him or his case. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an *extra-judicial* source. A judge's rulings while presiding over a case do not constitute *extra-judicial* conduct. Focus Media, Inc. v. NBC, 378 F.3d 916, 930 (9th Cir. 2004). Plaintiff's disagreement with the delay in screening of his Complaint is not a legitimate ground for seeking disqualification of a judge.

**III.   CONCLUSION**

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the recusal of Magistrate Judge Gary S. Austin is DENIED.

IT IS SO ORDERED.

  Dated:   **July 27, 2023**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE