UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>            Plaintiff,<br><br>     vs.<br><br>GIBSON, et al.,<br><br>            Defendants. | **1:21-cv-01574-ADA-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED WITH PLAINTIFF'S ORIGINAL COMPLAINT AGAINST DEFENDANTS GIBSON, MARONEY, REHMAN, RICHEY, AND CDCR ON THE CLAIMS FOUND COGNIZABLE BY THE COURT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**[ECF No. 1.]**<br><br>**OBJECTIONS, IF ANY, DUE <u>ON OR BEFORE OCTOBER 13, 2023</u>** |

**I.     BACKGROUND**

Kory T. O'Brien ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and RLUIPA (Religious Land Use and

1

Institutionalized Persons Act), 42 U.S.C. § 2000cc-1.  Plaintiff filed the Complaint commencing this action on October 25, 2021.  (ECF No. 1.)

On August 11, 2023, the Court screened the original Complaint and issued an order finding that Plaintiff states the following cognizable claims:

- #1. Against Defendant Connie Gibson under the First Amendment Free Exercise Clause in her individual capacity for monetary damages, and under RLUIPA in her official capacity for prospective injunctive relief;
- #2. Against Defendant C. Maroney under the First Amendment Free Exercise Clause in Maroney's individual capacity for monetary damages;
- #3. Against Defendant Z. Rehman under the First Amendment Free Exercise Clause in Rehman's individual capacity for money damages;
- #4. Against Defendant Charles Richey under the First Amendment Free Exercise Clause in his individual capacity for money damages, and under RLUIPA in his official capacity for prospective injunctive relief; and
- #5. Against Defendant CDCR under RLUIPI in CDCR's official capacity for prospective injunctive relief.

(ECF No. 25.)

Pursuant to the screening order, Plaintiff was required to either: **(1)** File an Amended Complaint, curing the deficiencies found in the original Complaint by the Court, or **(2)** Notify the Court in writing that he wishes to proceed with the original Complaint with only the cognizable claims enumerated above as #1-#5, on or before September 15, 2023.  (Id.)  On August 14, 2023, the Court issued a subsequent order informing Plaintiff that he had a *third* choice in responding to the screening order.  (ECF No. 26.)  Plaintiff was informed that he may choose to stand on the original Complaint, despite its deficiencies, and if Plaintiff made this choice the Court would recommend to the District Judge that Plaintiff's case proceed with the original Complaint, but only with the cognizable claims enumerated above as #1-#5, and that all other claims and defendants be dismissed for failure to state a claim.  (Id.)

On September 18, 2023, Plaintiff filed a response to the screening order.  (ECF No. 27.)

## II. PLAINTIFF'S RESPONSE TO THE SCREENING ORDER

In his response, Plaintiff informed the Court that he wishes to stand on the original Complaint as written, with (1) the First Amended Free Exercise claims against Defendants Gibson, Maroney, Richey, and Rehman, and (2) the RLUIPA claim against Defendants CDCR, Gibson, and Richey.  Plaintiff also informed the Court that he agrees with the Court's recommendation to dismiss the equal protection claim.  However, Plaintiff disagrees with the Court's recommendation that his state claims be dismissed based on the Court's finding that he had not demonstrated compliance with the requirements of California's Government Claims Act. Plaintiff argues that he is not required to show evidence that he exhausted those remedies because the Court is required to accept Plaintiff's allegations as true and construe the allegations in the light most favorable to Plaintiff.  Plaintiff argues that he has already met his burden to allege exhaustion and  it is now up to Defendants to address the issue of exhaustion of the Government Claims Program's requirements.  Thus, Plaintiff argues that the Court should take supplemental jurisdiction of his state law claims.

## III. DISCUSSION

Plaintiff is mistaken that he is not required to demonstrate his compliance with the requirements of the Government Claims Act before the Court can take supplemental jurisdiction of his state law claims.  As discussed in the screening order, "[t]imely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant and thus *an element of the plaintiff's cause of action*." Lopez v. Cate, No. 1:10- cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2) (emphasis added). Independent of Plaintiff's obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, Plaintiff has an obligation to comply with the Government Claims Act, and timely claim presentation is not merely a procedural requirement, but is a *condition precedent to Plaintiff's maintaining state law claims* against Defendants and thus an element of Plaintiff's cause of action.  Id.; McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020),

report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021) (citing McPherson v. Alamo, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013)) (emphasis added).

Plaintiff states in the Complaint that he "has exhausted the California Government Claims Program." (ECF No. 1 at 8.) However, this statement is a mere legal conclusion and is insufficient to show compliance. See Cardenas v. Cty. of Tehama, No. 218CV03021TLNDMC, 2020 WL 4475188, at *10 (E.D. Cal. Aug. 4, 2020). Plaintiff has not provided the claim as an attachment to the Complaint, nor has he indicated when he filed the claim or what specific facts and causes of action were referred to in the claim. See id. Without such information Plaintiff has not sufficiently pleaded facts demonstrating he complied with the California Government Claims Act in bringing his state law claims. Id. Therefore, the Court shall recommend that Plaintiff's state law claims be dismissed for his failure to show compliance with the Government Claims Act.

Accordingly, the Court shall recommend that this case proceed only with the claims found cognizable by the Court in the August 11, 2023 screening order, enumerated above as #1-#5, and that all other claims be dismissed for failure to state a claim.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court finds that Plaintiff states cognizable claims in the original Complaint against the following, but no other claims against any of the Defendants:

#1. Against Defendant Connie Gibson under the First Amendment Free Exercise Clause in her individual capacity for monetary damages, and under RLUIPA in her official capacity for prospective injunctive relief;

#2. Against Defendant C. Maroney under the First Amendment Free Exercise Clause in Maroney's individual capacity for monetary damages;

#3. Against Defendant Z. Rehman under the First Amendment Free Exercise Clause in Rehman's individual capacity for money damages;

#4.   Against Defendant Charles Richey under the First Amendment Free Exercise Clause in his individual capacity for money damages, and under RLUIPA in his official capacity for prospective injunctive relief; and

#5.   Against Defendant CDCR under RLUIPI in CDCR's official capacity for prospective injunctive relief.

Accordingly, it is **HEREBY RECOMMENDED** that:

1. This case proceed with the original Complaint, with only the claims found cognizable by the Court, enumerated above as #1-#5;

2. All other claims and defendants be dismissed based on Plaintiff's failure to state a claim;

3. Plaintiff's state law claims and his claims for violation of equal protection be dismissed from this case; and

4. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before October 13, 2023**, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 24, 2023**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE