UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIBSON, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01574 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 28) |

Plaintiff Kory T. O'Brien is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 11, 2023, the assigned magistrate judge issued a screening order identifying deficiencies in several of Plaintiff's claims. Doc. 25. The magistrate judge issued a clarifying order on August 14, 2023, offering Plaintiff the opportunity (1) to file an amended complaint, (2) to stand on the original complaint and proceed with the cognizable claims identified in the screening order, or (3) to stand on the original complaint as written. Doc. 26. The August 11, 2023, screening order discussed, among other matters, that Plaintiff failed to properly present his state law claims because Plaintiff failed to establish that he had exhausted administrative remedies, which made the complaint insufficient to bring a claim under the requirements of the California Government Claims Act. *Id.* at 22–23. On September 18, 2023, Plaintiff filed a

1

response stating that he intended to proceed on his cognizable claims as identified by the assigned magistrate judge, and that he disputed only the magistrate judge's conclusion that he was required to show the exhaustion of administrative remedies as to the state claims. Doc. 27. Plaintiff argued that non-exhaustion was an affirmative defense, not a pleading requirement. Doc. 27.

On September 25, 2023, the magistrate judge issued findings and recommendations recommending all Plaintiff's claims except the claims previously found cognizable be dismissed. Doc. 28. The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed by October 13, 2023. *Id.* at 3. Plaintiff filed objections in which he objected to the recommendation to dismiss his state law claims for failure to show exhaustion of administrative remedies. Doc. 29. In his objections, Plaintiff claims he timely exhausted administrative remedies, but he does not state when he filed an administrative claim or what facts or causes of action he addressed in any such claim. *Id.* Plaintiff attaches a mailroom report setting out his legal mailings over several years, but he does not explain how this report has any bearing on the exhaustion of his state administrative remedies. *See id.* Plaintiff did not attach a copy of any administrative claim. On this record, the Court finds that, for the reasons set forth in the magistrate judge's findings and recommendations, Plaintiff has failed to show that he exhausted state administrative remedies.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds the findings and recommendations are supported by the record and proper analysis. Plaintiff's state law claims are properly dismissed under California law, which this Court follows when ruling on California claims, for failure to show that he exhausted administrative remedies as to the state law claims. *See Cardenas v. Cty. of Tehama*, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020).

Accordingly, it is ORDERED:

1. The findings and recommendations issued September 25, 2023, Doc. 28, are ADOPTED IN FULL.

2. This matter shall proceed against the following Defendants on the following claims:
   - Defendant Connie Gibson under the First Amendment Free Exercise Clause in her

individual capacity for monetary damages, and under RLUIPA in her official capacity for prospective injunctive relief;

- Defendant C. Maroney under the First Amendment Free Exercise Clause in Maroney's individual capacity for monetary damages;
- Defendant Z. Rehman under the First Amendment Free Exercise Clause in Rehman's individual capacity for monetary damages;
- Defendant Charles Richey under the First Amendment Free Exercise Clause in his individual capacity for money damages, and under RLUIPA in his official capacity for prospective injunctive relief, and
- Defendant CDCR under RLUIPA in CDCR's official capacity for prospective injunctive relief.

3. All other claims and Defendants are hereby DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

4. Plaintiff is granted leave to amend his complaint and may file an amended complaint on or before May 31, 2024.

5. This matter is REFERRED BACK to the magistrate judge assigned to it for further proceedings, including the initiation of service of process.


IT IS SO ORDERED.

    Dated:   April 29, 2024                                  _____
                                                              UNITED STATES DISTRICT JUDGE

3