UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br>Plaintiff,<br>v.<br>CONNIE GIBSON, et al.,<br>Defendants. | Case No. 1:21-cv-01574-KES-FJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 47)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A COURT ORDER AS MOOT<br><br>(ECF No. 55)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

Following this court's screening determination that Plaintiff could proceed on his claim that Valley State Prison's as-applied policy concerning meals during Ramadan violates Plaintiff's First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("Institutionalized Persons Act"), Defendants moved to dismiss the entire action for failure to state a claim. Defendants also moved to dismiss all claims against Defendant Charles Richey for failure to allege sufficiently particularized individual action. While this matter was under submission, Plaintiff moved for an order. For the reasons discussed below, this court recommends that Defendants' motion be granted in part and denied in part. Given these findings and recommendations, Plaintiff's motion for a court order is denied as moot.

## I. RELEVANT BACKGROUND

In screening Plaintiff's complaint, this court held "that Plaintiff states cognizable § 1983 First Amendment Free Exercise claims in the Complaint against Defendants Connie Gibson, C. Maroney, Charles Richey and Z. Rehman, and a cognizable [Institutionalized Persons Act] claim against defendants CDCR, Gibson, and Richey." (ECF No. 25 at 23.) Plaintiff challenges Defendants' refusal to provide him a Kosher meal during the fast of Ramadan and alleges that the alternative meal Defendants offered is cross contaminated and not properly cleaned under Islamic law. (ECF No. 1 at 7.) Plaintiff requested by form to participate in Ramadan on March 28, 2021. (*Id.* at 6.) Yet Plaintiff was removed from the list of Ramadan participants on April 9, 2021, because Plaintiff had not submitted a request to change from the Kosher diet program to the religious meat alternative diet by April 1, 2021. (*Id.* at 7.)

In his complaint, Plaintiff referenced and summarized "a memorandum from headquarters in Sacramento" and recited allegations summarizing that memorandum's contents. (ECF No. 1 at 7.) Defendants attached to their motion to dismiss a copy of a February 12, 2021, memorandum titled *Inmate Participation in Ramadan – April 12, 2021 Through May 12, 2021*. (ECF No. 47-2 at 4-5.) This memorandum appears to track excerpts that Plaintiff summarizes in his complaint and contains additional detail on Defendants' Ramadan policy. Connie Gipson[1] signed the memorandum and Defendant Richey is identified as a point of contact in the closing paragraph of the memorandum. (*Id.*) The memorandum states that the "Kosher Diet Program [] meals are not shelf stable and cannot be served to inmates participating in Ramadan." (ECF No. 47-2 at 4.) The memorandum does not discuss how food from the religious meat alternative diet is prepared. (*Id.* at 4-5.)

While the court worked on this order, Plaintiff filed a motion for court order. (ECF No. 55.)

---

[1] The court suspects that Defendant Connie Gibson in this lawsuit and signatory Connie Gipson to the memorandum are one and the same person. Based on publicly available press releases, the court further suspects that the correct name is Gipson. *See* Cal. Dep't of Corr. & Rehab. Website, Director Connie Gipson retiring after 25 years, *available at https://www.cdcr.ca.gov/insidecdcr/2023/06/29/director-connie-gipson-retiring-after-35-years* (last visited Nov. 6, 2026). This discrepancy can be clarified in later proceedings in this lawsuit.

## II. ANALYSIS

To resolve this motion, the court must first determine whether the screening process frustrates Defendants' motion. If it does not, the court will address Defendants' wider motions to dismiss Plaintiff's Free Exercise and statutory claims under Rule 12(b)(6). If those bases fail, the court will address Defendant Richey's individual motion to dismiss Plaintiff's claims against him. And finally, the court addresses Defendants' Rule 12 motion for dismissal based on qualified immunity.

### A. *Rule 12(b)(6) Motion Following Screening*

Plaintiff argues that this court "should not duplicate its efforts and explain again to Defendants why [the court] reached the conclusion it did on screening." (ECF No. 48 at 2.) When a plaintiff is incarcerated, a court must screen the complaint under 28 U.S.C. § 1915A. The court must dismiss the case if it concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although complaints that survive screening ostensibly state a cognizable claim, "the screening and dismissal procedure under 28 U.S.C. § 1915A is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion." *Birrell v. Banzhaf*, 14-cv-1024-JAM-DB, 2017 WL 840654, at *5 (E.D. Cal. Mar. 3, 2017). Consequently, this court will not deny Defendants' instant motion to dismiss under Rule 12(b)(6), (ECF No. 47), simply because the court found that Plaintiff sufficiently alleged a cognizable action under section 1915A, (ECF No. 25).

### B. *Failure to State a Claim*

Lawsuits that fail to state a claim upon which relief may be granted are susceptible to dismissal. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, courts assume the truth of materials facts pleaded in the complaint and interprets those facts in a light most

favorable to the nonmoving party. *Gant v. Cnty. of Los* Angeles, 772 F.3d 608, 614 (9th Cir. 2014).

Generally, courts cannot consider material outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Nevertheless, the court may consider the contents of a document referenced in—but not attached to—the complaint. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). *See also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that a court may consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading").

The rules pertaining to documents incorporated by reference apply here because Plaintiff references and summarizes the contents of the Ramadan memorandum but does not attach it to his complaint. (ECF No. 1 at 7.) Defendants attach the Ramadan memorandum to their instant motion and seek to rely on it in their arguments for dismissal. (ECF No. 47-1 at 11.) Plaintiff does not contest the authenticity of the proffered Ramadan memorandum in his opposition brief. (ECF No. 48.) The court, therefore, will consider the contents of the Ramadan memorandum (ECF No. 47-2 at 4-5) in evaluating Defendants' motion to dismiss.

*1. Free Exercise Clause*

Defendants seek dismissal of Plaintiff's Free Exercise claim by arguing that the legal test for establishing a constitutional violation cannot be satisfied. (ECF No. 47-1 at 6-10.) For the reasons discussed below, this court finds that this claim cannot be resolved on the pleadings.

Resolution of Plaintiff's Free Exercise claim requires an evaluation of the four factors identified in *Turner v. Safley*, 482 U.S. 78, 89 (1987). Those factors include: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it, (2) whether there are alternative means of exercising the right, (3) how accommodating the right will impact guards, other inmates, and/or the general allocation of prison resources, and (4) whether (a) ready alternatives are absent or (b) obvious, easy alternatives exist. *Id.*

Even if the court relied on the findings of other courts to conclude that there is a valid and rational connection between Defendants' Ramadan policy and the provision of safe food, *see, e.g., Mauwee v. Nev. Dep't of Corrections*, No. 2013 WL 5202301, at *2 (D. Nev. Sept. 13, 2013) (holding that preventing food-borne illness is a legitimate penological interest), the remaining three factors require a particularized factual inquiry that neither Plaintiff's complaint nor the policy memorandum referenced in the complaint and attached to Defendants' motion (ECF No. 47-4 at 4-5) adequately informs for purposes of dismissal. Indeed, the cases that Defendants invoke for these remaining *Turner* factors evaluate records at the summary judgment stage or following an evidentiary hearing. *See, e.g., Wallace v.* Ducart, No. 16-cv-3798, 2018 WL 3018143, at *1 (N.D. Cal. July 29, 2022) (summary judgment), *cited in* (ECF No. 47-1 at 13); *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008) (summary judgment), *cited in* (ECF No. 47-1 at 10); *Resnick v. Adams*, 348 F.3d 763, 766 (9th Cir. 2003) (summary judgment), *cited in* (ECF No. 47-1 at 14, 15); *Shabazz v. O'Lone*, 595 F. Supp. 928, 928-29 (D.N.J. 1984) (findings of fact following a two-day hearing on motion for preliminary injunction), *aff'd at O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987)*, cited in* (ECF No. 47-1 at 14). Moreover, the allegations in the complaint contradict the reasoning Defendants offer for granting dismissal. *Compare* (ECF No. 1 at 7 (alleging cross-contamination of the religious meat alternative offerings)), *with* (ECF No. 47-1 at 8 (arguing that the second *Turner* factor is resolved in Defendants' favor because Plaintiff could have subscribed to the religious meat alternative offering)).

In short, Defendants have not shown that the screening order incorrectly concluded that Plaintiff stated a plausible First Amendment Free Exercise Clause violation. (ECF No. 25 at 7-9.) Defendants instead seek to terminate Plaintiff's constitutional claim by (1) pointing to findings other courts made in resolving evidence-based motions or (2) by invoking arguments that either assume facts contrary to the allegations of the complaint or are otherwise outside the scope of the allegations in the complaint.

2. <u>*Religious Land Use and Institutionalized Persons Act*</u>

Defendants seek dismissal of Plaintiff's statutory claim under the Institutionalized Persons Act, arguing that the Ramadan policy is the least restrictive means to further a compelling

governmental interest in food safety. (ECF No. 47-a at 16.) For the reasons discussed below, the court finds that this claim cannot be resolved on the pleadings.

Section 3 of the Institutionalized Persons Act prohibits state prisons from imposing “a substantial burden on the religious exercise” of an inmate, “even if the burden results from a rule of general applicability,” unless the prison shows that the burden on the inmate “(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.” 42 U.S.C. § 2000cc-1(a).

Defendants rely heavily on *Smith v. Gibson*, No. 20-cv-1110-WHO, 2022 WL 35619, at *13 (N.D. Cal. Jan. 4, 2022), to support their motion to dismiss Plaintiff’s Incarcerated Persons Act claim. (ECF No. 47-1 at 10.) To be sure, the allegations in *Smith* have much in common with the Plaintiff’s allegations here. *Smith*, however, was decided on summary judgment. And *Smith* identifies declarations, expert opinions, and other evidence to support its finding that the prison policy for provisioning inmates who fast for Ramadan does not constitute a substantial burden under the statute. 2022 WL 35619, at *8-*10. Plaintiff’s complaint here contradicts the undisputed facts found in *Smith*. *Compare* (ECF No. 1 at 7 (“Plaintiff informed defendant, Z., Rehman, that only the Kosher diet followed plaintiff’s religious beliefs. . . . The [religious meat alternative] diet is served, prepared, and placed with utensils that have been contaminated and not properly cleaned under Islamic law”), *with Smith*, 2022 WL 35619, at *9-*10 (holding that plaintiff did not proffer adequate evidence of cross-contamination in the preparation of religious meat alternative offerings). And the policy memorandum referenced in Plaintiff’s complaint and attached to Defendant’s motion (ECF No. 47-2 at 4-5) does not explain why the Ramadan policy at issue in this lawsuit constitutes the least restrictive means of furthering the prison’s interest in assuring food safety. Therefore, the court would have to look beyond the complaint to resolve Plaintiff’s Institutional Persons Act claim. The court will not do this on a Rule 12(b)(6) motion.

*3. <u>Failure to State a Claim as to Defendant Richey</u>*

Aside from the global grounds for dismissal of Plaintiff’s complaint, Defendant Charles Richey seeks dismissal of the individual claims alleged against him because the complaint fails to

state sufficient facts to assert he caused Plaintiff's alleged injuries. (ECF No. 47-1 at 11.) For the reasons discussed below, the court agrees.

In a section 1983 action, Plaintiff must show that defendant's conduct was both the factual cause and proximate cause of his injuries. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citations omitted). Direct personal participation is not required; it is sufficient to "set[] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.*

The complaint alleges that Defendant Richey is a point of contact for any questions regarding the Ramadan policy. (ECF No. 1 at 8.) The complaint further alleges that Defendant Richey "is aware of" the Ramadan policy "and/or has authority to intervene with this policy's actions." (*Id.*) In responding to Defendants' motion to dismiss, Plaintiff notes that Defendant Richey authored a declaration in support of a 2019 prison Ramadan policy that claimed authorship of that 2019 policy. (ECF No. 48 at 8 (citing *Smith*, 2022 WL 35619).) Indeed, *Smith* recaps that "CDCR employee C. Richey drafted a memorandum articulating a meal policy that addresses the unique needs of Muslim inmates and reiterates that KDP meals were not shelf-stable and, therefore, were not appropriate for Ramadan participants who were fasting from sunrise to sundown." 2022 WL 35619, at *2. But the policy at issue in *Smith* is not the policy alleged in Plaintiff's complaint. *Id.* at *2 (noting that the policy was titled "2017 Ramadan Memo").

On the facts pleaded in this case, Defendant Richey's role is limited to being available for questions about the Ramadan policy at issue here. (ECF No. 47-2 at 5.) There is no allegation that the other co-Defendants reached out to Defendant Richey to inquire about application of the Ramadan policy to Plaintiff. And Defendant Richey's role in drafting a prior, superseded

memorandum does not show that he "set in motion" here a series of acts that would result in the constitutional and statutory violation Plaintiff alleges. While recognizing the possibility that discovery into the policy may reveal a more meaningful role for Mr. Richey in the application of the operative Ramadan policy to Plaintiff, the current allegations are insufficient to draw an inference of proximate or factual causation.

*4. <u>Qualified Immunity</u>*

Defendants' final ground for dismissal is qualified immunity. (ECF No. 47-1 at 12-14.) Defendants argue that qualified immunity applies because there is no constitutional violation and because there is no clearly established law that establishes Defendants' actions gave rise to a constitutional violation. (*Id.*) For the reasons discussed below, the court concludes that it is too early to determine application of qualified immunity.

"Qualified immunity is an affirmative defense that must be raised by a defendant." *Groten v. Cal.*, 251 F.3d 844, 851 (9th Cir. 2001). "Determining whether officials are owed qualified immunity involves two inquiries: (1) whether taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (quotations and citations omitted). "When, as here, defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quotations and citations omitted).

In framing the question posed for qualified immunity, Defendants query whether "[i]t was clearly established that prison officials would violate the Constitution or [the Institutionalized Persons Act] by enforcing a policy preventing an inmate participating in a religious fast from eating non-shelf stable food." (ECF No. 47-1at 13 (citing *Smith*, 2022 WL 35619).) As noted above, however, *Smith* was decided on summary judgment and informed by plenary declarations and other evidence. *Supra* Part III.B.2. The complaint here alleges material facts that *Smith* found were uncontested based on evidence. *Compare* (ECF No. 1 at 7 ("Plaintiff informed defendant,

Z., Rehman, that only the Kosher diet followed plaintiff's religious beliefs. . . . The [religious meat alternative] diet is served, prepared, and placed with utensils that have been contaminated and not properly cleaned under Islamic law"), *with Smith*, 2022 WL 35619, at *9-*10 (holding that plaintiff did not proffer adequate evidence of cross-contamination in the preparation of religious meat alternative offerings). The policy memorandum referenced in Plaintiff's complaint and attached to Defendant's motion to dismiss (ECF No. 47-2 at 4-5) does not address the cross-contamination allegation. At the pleading stage, this court cannot rely on the evidence-based holding in *Smith* to negate the presumed accuracy of the allegations in Plaintiff's complaint. *O'Brien*, 818 F.3d at 936. And there is caselaw holding that "the failure to provide food consistent with a prisoner's sincerely held religious beliefs constitutes a substantial burden on the prisoner's free exercise." *Long v. Sugai*, 91 F.4th 1331, 1337 (9th Cir. 2024). *See also Lovelace v. Lee*, 472 F.3d 174, 199-200 (4th Cir. 2006) (holding that a prisoner has a clearly established right under the Free Exercise Clause to a diet consistent with his religious beliefs, "including proper food during Ramadan"), *cited in Long*, 91 F.4th at 1338.

In sum, Defendants have not shown that the complaint itself establishes the applicability of qualified immunity.

## III. FINDINGS AND RECOMMENDATIONS

For the reasons discussed above, the court RECOMMENDS that Defendants' motion to dismiss (ECF No. 47) be granted in part and denied in part. More specifically, the court recommends that Defendant Charles Richey be DISMISSED without prejudice. Defendants' motion should otherwise be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the the record before the court. Any pages filed in excess of the 15-page limit may not be considered.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

Because the court hereby issues findings and recommendations on Defendants' motion to dismiss, the court DENIES Plaintiff's motion for a court order (ECF No. 55) as moot.

IT IS SO ORDERED.

Dated: **November 9, 2026**

UNITED STATES MAGISTRATE JUDGE